**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE VNET GROUP, INC. SECURITIES LITIGATION | Case No. 1:23-cv-11187-DEH<br><br>**<u>CLASS ACTION</u>**<br><br>Honorable Dale E. Ho |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR THE ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Lead Plaintiff Wong Tan ("Lead Plaintiff") and Additional Plaintiff, Michael Semerak (collectively, "Plaintiffs") hereby submit this Memorandum of Law in support of their motion for this Court to issue, under its seal and signature, the attached Letter of Request (the "Letter of Request" or "Letter Rogatory") pursuant to 28 U.S.C. § 1781(b)(2) and the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") on behalf of the Plaintiffs to obtain documents from Bold Ally (Cayman) Limited ("Bold Ally").

Bold Ally is incorporated in the Cayman Islands and has its principal business at 190 Elgin Avenue, George Town, Grand Cayman KY1-9008, Cayman Islands. Because Bold Ally is a non-party to this litigation, is a Cayman Islands entity, and is otherwise outside this Court's jurisdiction, Plaintiffs are able to secure production of documents in its possession only through a letter rogatory. *See e.g., In re Turquoise Hill Res. Ltd., Sec. Litig.*, No. 20-cv-8585 (LJL), 2023 WL

1

5322019, at *2 (S.D.N.Y. Mar. 8, 2023) (granting the parties' requests for issuances of letters rogatory through the Hague Convention because "[t]he parties are able to secure their documents and testimony only by letter of request" where the targets of the requests are non-parties to the action and are citizens of the United Kingdom who are outside the court's jurisdiction).[1]

Both the United States and the Cayman Islands (through the United Kingdom) are parties to the Hague Convention. Pursuant to that treaty, federal courts may issue letters of request to the competent authorities of other signatories asking that they compel the requested discovery. *Villella v. Chem. & Mining Co. of Chile Inc.*, No. 15 Civ. 2106 (ER), 2018 WL 2958361, at *2 (S.D.N.Y. June 13, 2018).

For the foregoing reasons, and for those detailed below, the Court should grant Plaintiffs' motion and issue the proposed Letter of Request, attached as Exhibit A to the Declaration of Christopher Tourek in Support of Plaintiffs' Motion for Issuance of a Letter of Request ("Tourek Decl."), filed herewith.

## I.      THE COURT HAS AUTHORITY TO ISSUE A LETTER OF REQUEST UNDER THE HAGUE CONVENTION

Federal Rule of Civil Procedure 28(b) and 28 U.S.C. §1781(b)(2) grant this Court authority to issue letters rogatory that "enable a U.S. litigant to obtain non-party discovery from a foreign

---

[1] *See also Gap, Inc. v. Stone Int'l Trading*, No. 93 Civ. 0638 (SWK), 1994 WL 38651, at *1 (S.D.N.Y Feb. 4, 1994) ("[a]s a practical matter, in many cases the Hague Convention provides the only means to request documents or testimony from foreign non-parties over whom the court has no personal jurisdiction and who are beyond the subpoena power of the court"); *Metso Minerals Inc. v. Powerscreen Int'l Distrib. Ltd.*, No. CV 06-1446(ADS)(ETB), 2007 WL 1875560, at *3 (E.D.N.Y. June 25, 2007) (finding that the procedures of the Hague Convention may be the "only means by which the requested discovery may be obtained" where the producing party is a non-party to the action and is a citizen of Northern Ireland, and therefore not subject to the jurisdiction of the court); *Crouch v. Liberty Pride Corp.*, No. CV 15-974 (JS)(AYS), 2016 WL 4718431, at *3 (E.D.N.Y Sept. 9, 2016) ("the issuance of a Letter of Request[] may be the only means available to obtain [the non-party's] testimony" where the target of the letter is a non-party citizen of England who is beyond the jurisdiction of the court).

entity." *Turquoise Hill*, 2023 WL 5322019, at *1 (*quoting Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012)). Courts "routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp.*, No. 04 Civ. 7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (granting plaintiff's request for issuance of letters rogatory where plaintiff's efforts to obtain discovery from defendant's foreign sub-licensee, to verify discovery obtained from defendant, may uncover relevant evidence).

Further, the Hague Convention provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Art. 1, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555 (hereinafter "Hague Convention").

Both the United States (which ratified the Hague Convention on August 8, 1972) and the Cayman Islands (through the United Kingdom's July 16, 1976 ratification of the Hague Convention and subsequent September 16, 1980 extension of application) are parties to the Hague Convention. *See* Hague Conf. on Private Int'l Law, Status Table: Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited December 11, 2025). Courts in this District have issued letters of request for documents to both the United Kingdom and the Cayman Islands. *See, e.g.*, *Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *2 (issuing letter of request for the production of documents and taking of testimony in the United Kingdom); *Securities and Exchange Commission v. Ripple Labs Inc. et al.*,

No. 1:20-cv-10832, ECF No. 250 (S.D.N.Y. Feb. 9, 2023) (issuing letter of request for production of documents in the Cayman Islands); *Williams v. Kucoin, et al.*, No. 1:20-cv-02806-GBD-RWL, ECF No. 83 (S.D.N.Y. Dec. 29, 2020) (same).

When considering the issuance of letters rogatory, courts "apply the discovery principles contained in Rule 26." *Lantheus Med. Imaging*, 841 F. Supp. 2d at 776; *see also Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 122 (S.D.N.Y. 2019) ("the responsibility of this Court is to determine whether the letter of request should be issued given the principles of discovery under Rule 26"); *Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) ("[i]n deciding whether to issue letters rogatory in a particular case, courts apply the discovery principles contained in Federal Rule of Civil Procedure 26") (internal quotations omitted). Rule 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 0293 (LTS) (JCF), 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016) (internal quotations omitted). Further, "[d]iscovery is not limited to the issues raised in the pleadings," as "many factual issues may arise during discovery that may not necessarily be related to the merits of the case." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02 Civ. 3400(WCC), 2006 WL 8429110, at *2 (S.D.N.Y. June 21, 2006).

Here, Plaintiffs' Letter of Request seeks relevant evidence (*infra* at Section II), is specifically tailored to documents in Bold Ally's possession (*infra* at Section III), and "specifies: (1) the judicial authority requesting execution of the Letter of Request and the judicial authority requested to execute it; (2) the names and addresses of the parties and their representatives; (3) the

nature of the proceedings for which the evidence is sought, and a summary of the complaint; and (4) a description of the evidence to be obtained or the judicial act to be performed[.]" *Crouch v. Liberty Pride Corp.*, No. CV 15-974 (JS)(AYS), 2016 WL 4718431, at *3 (E.D.N.Y Sept. 9, 2016); *see* Tourek Decl., Ex. A. Accordingly, Plaintiffs' motion to issue the Letter Request should be granted.

## II.    BOLD ALLY IS IN POSSESSION OF RELEVANT DOCUMENTS IN THE CAYMAN ISLANDS

The documents sought in Plaintiffs' Letter of Request are relevant to this Action. Plaintiffs' First Amended Complaint alleges that Defendant Josh Sheng Chen ("Sheng Chen"), through his personal holding company GenTao Capital Limited ("GenTao"), entered into a Facility Agreement to obtain a $50.25 million loan from Bold Ally. ¶¶50–57.[2] Under the Facility Agreement, Sheng Chen pledged all of his shares in VNET Group, Inc. ("VNET"), including those held by his personal holding companies, as collateral. *Id*. Almost immediately, Sheng Chen defaulted on the loan, which allowed Bold Ally to enact provisions in the Facility Agreement to immediately seize Sheng Chen's VNET shares. *Id*.; ¶¶131–33. The seizure of these shares threatened VNET, as VNET had sold convertible notes to Blackstone, Inc. with provisions that allowed Blackstone, Inc. to redeem its convertible notes early if certain events occurred, including Sheng Chen losing his shares in VNET. ¶¶45–46. Had Blackstone, Inc. redeemed its convertible notes early, VNET would have been thrown into financial chaos. Consequently, Sheng Chen's default under the Facility Agreement significantly threatened the health of VNET. Nevertheless, throughout the Class Period, Defendants through their material misstatements and omissions, hid Sheng Chen's default on the loan and the significant risk that his default posed to VNET. Defendants also concealed the fact

---

[2] All "¶__" references are to the First Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") (ECF No. 34).

that Bold Ally contacted Defendants at least five times during the Class Period about Sheng Chen's default. Significantly, once Bold Ally announced that it would seize Sheng Chen's shares in February 2023, VNET issued additional shares that protected Sheng Chen's stake, causing VNET's share price to drop. ¶¶98–107.

Consequently, Bold Ally played a central role in Defendants' alleged fraud. Accordingly, Bold Ally likely possesses contemporaneous documents and communications regarding the negotiation of the Facility Agreement, Sheng Chen's default under the Facility Agreement, Bold Ally's communications with Sheng Chen and other Defendants regarding Sheng Chen's default, Bold Ally's decision to announce the seizure of Sheng Chen's VNET shares as a result of Sheng Chen's default, and Bold Ally's communications with Sheng Chen and VNET regarding its seizure of Sheng Chen's shares. Such documents are necessary to determine when Defendants knew of Sheng Chen's default and when Defendants knew of Bold Ally's intentions to seize Sheng Chen's VNET shares.

Accordingly, Plaintiffs require documents relating to Bold Ally's communications concerning the Facility Agreement, Sheng Chen's default, and Bold Ally's actions in response to Sheng Chen's default. *In re Initial Pub. Offering Sec. Litig.*, No. 21 MC 92 (SAS), 2004 WL 60290, at *5 (S.D.N.Y. Jan. 12, 2004) (finding that the discovery sought was relevant because the documents related to senior management's awareness of the practices which were the subject of the instant action); *In re PE Corp. Sec. Litig.*, 221 F.R.D. 20, 25 (D. Conn. 2003) (finding that plaintiffs' request for discovery related to defendant's conduct which was the underlying subject of the alleged false and misleading statements in defendant's proxy/registration statement was relevant because "the information sought by these requests is reasonably calculated to lead to the discovery of admissible evidence"); *id.* at 28 (finding that "[t]he need for full disclosure outweighs

the burden placed on each nonparty to produce responsive documents" and "is especially appropriate in a case involving fraud and deceit.").

### III. PLAINTIFFS' REQUESTS ARE PROPORTIONAL TO THE NEEDS OF THE CASE AND SUFFICIENTLY TAILORED

The discovery Plaintiffs seek from Bold Ally is proportional to the needs of the case and sufficiently tailored to encompass a limited subset of documents related to Bold Ally's interactions with Defendants. *See* Tourek Decl., Ex. A. Because Bold Ally was intimately involved in the creation of the Facility Agreement, corresponded with Defendants numerous times throughout the Class Period about Sheng Chen's default, and attempted to seize Sheng Chen's shares, causing the drop in VNET's share price, Plaintiffs are justified in seeking discovery of the scope requested here, which is limited to Bold Ally's contracts with Defendants, and communications with Defendants and others concerning the Facility Agreement.

Given this targeted and relevant scope, and the fact that this information is likely to affect the claims of hundreds or thousands of affected class members, Plaintiffs' requests to Bold Ally are proportionate to and sufficiently tailored to the needs of the case. *See Villella*, 2018 WL 2958361, at *8 (issuing a letter of request when the recipient's relevance to the suit is clear and in light of the "significant sums of money [that were] at stake" in the matter).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and issue the proposed Letter of Request attached hereto as Exhibit A to the Tourek Decl.

Dated: December 19, 2025

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Christopher P.T. Tourek*

Joshua B. Silverman (*pro hac vice*)
Christopher P.T. Tourek (*pro hac vice*)
Jianan Jiang (*pro hac vice*)
10 South LaSalle, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Email: jbsilverman@pomlaw.com
        ctourek@pomlaw.com
        ajiang@pomlaw.com

-and-

Jeremy A. Lieberman
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Email: jalieberman@pomlaw.com

*Lead Counsel for Plaintiffs*

Gregory B. Linkh
Rebecca Dawson
**GLANCY PRONGAY & MURRAY LLP**
230 Park Ave, Suite 358
New York, New York 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com
        rdawson@glancylaw.com

*Additional Counsel for Plaintiffs*

Junbo Hao
**HAO LAW FIRM**
Room 3-401 No. 2 Building
No. 1 Shuangliubei Street
100024 Beijing People's Republic of China
Telephone: +86 137-1805-2888
Email: jhao@haolaw.cn

9

*Additional Counsel for Wong Tan*